■ BURNSETTA J. GIBSON, as Executrix of RAYMOND L. GIBSON, Deceased, Appellant, v BETTY GIBSON, Also Known as BETTY J. GIBSON, Respondent.— In an action, *inter alia,* to declare that plaintiff, as executrix, is the owner of certain property as a tenant in common with defendant, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated November 30, 1976, which, *inter alia,* granted defendant's motion for summary judgment and denied her cross motion for summary judgment. Order modified, on the law, by (1) deleting from the second decretal paragraph thereof the word "granted" and substituting therefor the word "denied" and (2) deleting the third, fourth and fifth decretal paragraphs thereof. As so modified, order affirmed, without costs or disbursements. In 1937 the decedent, Raymond L. Gibson, married the plaintiff-appellant, Burnsetta J. Gibson, in Pennsylvania. In 1944, while he was a private in the army, he executed a will naming her as sole heir and executrix. In 1948 he and the defendant-respondent Betty Gibson, were married in Virginia. It is admitted in the pleadings that the marriage between the decedent and the plaintiff was never dissolved

and that they were husband and wife at the time of his death. The defendant's statement in her opposing affidavit that she was unaware that Gibson had been previously married is not denied. The defendant and Gibson had two children, born in 1953 and 1958. By deed dated October 17, 1968, an improved parcel of land in Pleasant Valley, New York, was conveyed to the decedent and the defendant by a deed between two named grantors, "parties of the first part, and RAYMOND L. GIBSON and BETTY GIBSON, his wife, as tenants by the entirety, of Pleasant Valley, New York, parties of the second part". There is no other indication in the deed as to the type of ownership in which the grantees accepted the property. The defendant, the decedent and their children occupied the subject premises as their home. He died on May 6, 1975 and the plaintiff was appointed executrix of his will. (Apparently he never executed a later will or revoked the 1944 will.) Plaintiff brings this action, *inter alia,* for a judgment declaring that she, as executrix, is the owner of an undivided half interest, as a tenant in common with the defendant, in the subject parcel. The defendant counterclaims for a judgment declaring that she is the sole owner in fee. On this record the defendant was not entitled to summary judgment. Upon a trial she may be able to adduce proof, by way of counsel who drew the deed, or in some other manner, that when she and the decedent received the deed to the premises they were made fully aware of the meaning of the phrase "tenants by the entirety" and that they both intended thereby to enter into a survivorship arrangement. Latham, J. P., Shapiro, Suozzi and Mollen, JJ., concur.